UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 11-cr-00537 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 62, 63] |
| v. | : | |
| | : | |
| REGIS ADKINS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Adkins is serving a twelve-month sentence for violating his supervised release conditions.  His supervised release violations included two state law criminal offenses.  Defendant Adkins served thirty-six months in state prison for the state law convictions.

The Bureau of Prisons determined that the federal sentence would run consecutively to the state sentence.

Now, Defendant Adkins seeks a nunc pro tunc order declaring that his twelve-month federal sentence runs concurrently to his state sentence.

The Court does not have jurisdiction to retroactively order Defendant Adkins' sentence to run concurrently to his state sentence.[1]  For that reason, the Court **DENIES** Defendant Adkins' motion for a nunc pro tunc order.  Defendant Adkins may challenge the Bureau of Prisons' sentence calculation by filing a 28 U.S.C. § 2241 petition in the judicial district where he is incarcerated.[2]

---

[1] *United States v. Dandridge*, 21-1234, 2021 WL 7368669, at *2 (6th Cir. Nov. 5, 2021).
[2] *Id.*

Case No. 11-cr-00537
GWIN, J.

## I.    Background

In October 2018, this Court sentenced Defendant Adkins to twelve months for violating the supervised release conditions.[3]  The Court found eight supervised release violations.  Two violations related to state criminal charges: a September 25, 2017 law violation and an October 27, 2017 law violation.[4]  Independent of the state-law criminal law violations, the other violations were less serious.

Five days after this Court ordered Defendant's federal supervised release violations sentence, Defendant pled guilty in state court to the two state criminal charges.[5]  The state court sentenced Defendant Adkins to thirty-six months in state prison.[6]  The state court later issued a nunc pro tunc order declaring that his state and federal sentences should run concurrently.[7]

The Bureau of Prisons determined that Defendant Adkins' state and federal sentences would run consecutively.[8]

Defendant Adkins moved for a nunc pro tunc order declaring that his federal sentence run concurrently to his state sentence.[9]

## II.    Discussion

### A.  Authority to Retroactively Order a Concurrent Sentence

With his motion, Defendant Adkins challenges the Bureau of Prisons' determination that his federal sentence runs consecutively to his state sentence.  The procedure for

---

[3] Doc. 59.
[4] *Id.*
[5] Doc. 62-1 at 2.
[6] *Id.*
[7] *Id.* at 1.
[8] Doc. 62 at 2.
[9] Doc. 62.

Case No. 11-cr-00537
GWIN, J.

challenging a Bureau of Prisons decision is: (1) exhaust administrative remedies with the Bureau of Prisons; (2) seek a writ of habeas corpus through 28 U.S.C. § 2241.[10]

This Court does not have jurisdiction to retroactively order a concurrent sentence.[11] Defendant Adkins can seek Bureau of Prisons administrative review or can file a 28 U.S.C. § 2241 habeas petition to seek review of the Bureau of Prisons' sentence calculation.[12]

### B.  Concurrent Sentence in Defendant Adkins' Case

A concurrent sentence seems appropriate in Defendant Adkins case because his supervised release violation and his state law conviction arose from the same conduct.

Defendant's state law violations were relevant conduct for Defendant's supervised release violations.  Under the federal Sentencing Guidelines, where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct" for the federal offense, the federal sentence "shall be imposed to run concurrently to the anticipated term of imprisonment."[13]

After sentencing, however, "it falls to [the Bureau of Prisons], not the district judge, to determine when" a federal sentence begins.[14]  Under similar circumstances, some district courts have issued recommendations to the Bureau of Prisons to designate a sentence as concurrent.[15]  In one such case, however, the Sixth Circuit remanded with instructions to dismiss for lack of jurisdiction.[16]  For that reason, the Court denies Defendant Adkins' motion because the Court does not have jurisdiction to retroactively order a concurrent sentence.

---

[10] _Setser v. United States_, 566 U.S. 231, 244 (2012).
[11] _Dandridge_, 2021 WL 7368669 at *2; _see also United States v. Profitt_, 3:06-CR-136-1, 2014 WL 408299, at *4 (S.D. Ohio Feb. 3, 2014).
[12] _Setser_, 566 U.S. at 244; _McClain v. Bureau of Prisons_, 9 F.3d 503, 505 (6th Cir. 1993).
[13] U.S.S.G. 5G1.3(c).
[14] _United States v. White_, 874 F.3d 490, 507 (6th Cir. 2017) (quotation marks omitted).
[15] _Profitt_, 2014 WL 408299, at *4; _United States v. Dandridge_, 16-CR-20302, 2021 WL 212687, at *2 (E.D. Mich. Jan. 21, 2021), _aff'd in part, vacated in part, remanded_, 21-1234, 2021 WL 7368669 (6th Cir. Nov. 5, 2021).
[16] _Dandridge_, 2021 WL 7368669 at *2.

Case No. 11-cr-00537
GWIN, J.

III.    Conclusion

For the reasons stated above, the Court **DENIES** Defendant Adkins' motion for a nunc pro tunc order.  Defendant Adkins may challenge the Bureau of Prisons' sentence calculation by filing a 28 U.S.C. § 2241 petition in the judicial district where Defendant Adkins is incarcerated.


IT IS SO ORDERED.


Dated: March 21, 2022                    *s/    James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE